OPINION
{¶ 1} On May 28, 2004, New Philadelphia Police Officer Paul Rossi stopped a motor vehicle for a large crack in the windshield. Operator of the vehicle was Debbie Beamer. Her passenger was appellee, Leonard Beamer. Upon investigation, Officer Rossi discovered Ms. Beamer was wanted on an outstanding warrant. Officer Randy Williamson arrived on the scene. While Officer Williamson was speaking with appellee, he noticed an uncapped hypodermic needle lying on the passenger side floorboard. Officer Williamson asked appellee to exit the vehicle whereupon he conducted a pat down search of appellee. During the search, appellee reached into his pocket. Officer Williamson pulled appellee's hand out which was holding a bag containing what was later determined to be cocaine.
 {¶ 2} On August 25, 2004, the Tuscarawas Grand Jury indicted appellee on one count of possession of drugs in violation of R.C. 2925.11, one count of trafficking in drugs in violation of R.C. 2925.03 and one count of drug paraphernalia in violation of R.C. 2925.14. On October 12, 2004, appellee filed a motion to suppress, claiming the pat down search was illegal. A hearing was held on November 3, 2004. By judgment entry filed December 8, 2004, the trial court granted said motion.
 {¶ 3} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN RULING THAT THE NEW PHILADELPHIA POLICE OFFICERS DID NOT HAVE REASONABLE SUSPICION TO BELIEVE THAT THE APPELLEE MIGHT BE ARMED AND DANGEROUS."
 I {¶ 5} Appellant claims the trial court erred in granting appellee's motion to suppress. We disagree.
 {¶ 6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 7} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. On the issue of pat down searches for weapons, theTerry court stated the following at 26:
 {¶ 8} "Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. * * * And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or `hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." (Citations omitted.)
 {¶ 9} In its December 8, 2004 judgment entry granting the motion to suppress, the trial court determined the reasons articulated by the arresting officers were insufficient to legitimize the pat down search:
 {¶ 10} "The undersigned concludes that the New Philadelphia Police Officers were not justified in a limited pat down search of the Defendant because the search was not for weapons and was not to allow the officers to pursue their investigation without fear of violence. The undersigned acknowledges that an uncapped syringe, if located on a person being searched, is potentially able to be used as a weapon but could not be categorized or classified as a `deadly' weapon. Virtually any pointed or sharp object could be used as a weapon of sorts. The undersigned is further troubled by the very real possibility that the pat down search of the Defendant on the date in question was a search for drugs or drug paraphernalia, in light of the discovery of the uncapped syringe on the floorboard of the passenger side of the vehicle from which the Defendant exited and at the location where the Defendant had been seated, and not a search for weapons. This is so because the testimony of Officer Williamson was that the Defendant was known as a person who had violated drug laws in the past. In the final analysis, the undersigned is simply not persuaded that the search was for weapons and, consequently, Terry
and its progeny mandates suppression of the evidence garnered from the illegal search."
 {¶ 11} As noted supra, one of the challenges to a trial court's ruling can be based on the sufficiency and the credibility of the evidence.
 {¶ 12} As the trial court correctly pointed out, an uncapped syringe or any sharp object if brandished as a weapon could be termed a weapon. The trial court found fault with Officer Williamson's motivation in using the uncapped syringe as a springboard to a pat down search. Although we might not reach the same conclusion from the facts presented, we must nonetheless give deference to the trial court's decision on credibility.
 {¶ 13} We find there are facts in the record leading to the trial court's distrust of the claim of officer safety. Although there is testimony to support the fact that officers generally assist fellow officers in traffic stops, this stop involved four officers. November 3, 2004 T. at 32. Officer Rossi specifically called Officer Williamson's number, Unit 5, to the stop. Id. at 5. The call out was "Unit 5, might want to head this way." Id. Officer Williamson opined the reason for the call was because he was in possession of the drug dog. Id. at 28. Officer Rossi testified he called for the drug dog because he felt something seemed suspicious even before the stop. Id. at 41.
 {¶ 14} Although another court might not believe these facts as being the real reason for the pat down search as opposed to officer safety, it is not within our standard of review to second guess a trier of fact on the credibility of witnesses. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 15} Upon review, we conclude there is present in the record sufficient facts to substantiate the trial court's granting of the motion to suppress as being outside the purview of a Terry stop and frisk.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.